UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHEIKH FAISAL

                                         Plaintiff,

                -against-

CITY OF NEW YORK; and individually and in their
official capacity as New York City Police Officers,
YEOMAN CASTRO (Shield No. 4705), and
JOHN DOES 1-5

                                         Defendants.
------------------------------------------------------------------X

JUDGE BATTS

'09 CIV 10267

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



RECEIVED DEC 17 2009 U.S.D.C. S.D.N.Y. CASHIERS

       Plaintiff Sheikh Faisal, by his attorney, the Urban Justice Center, complaining of defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions and laws of the United States and the State of New York.

### JURISDICTION

    2.    This action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

    3.    Jurisdiction is founded upon 28 USC §§ 1331, 1343 and 2202.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 USC § 1391(b).

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Sheikh Faisal is a resident of New York City and a licensed New York City mobile food vendor.

7. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.

8. Defendant, Officer Yeoman Castro is sued in his individual and official capacity as a New York City police officer and acted within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

9. Defendants John Does 1-5 are sued in their individual and official capacity as New York City police officers and acted within the scope of their employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## FACTUAL AND GENERAL ALLEGATIONS

10. On the afternoon of June 23, 2009, plaintiff was vending hot dogs, pretzels, soda, and related beverages from his pushcart in a legal vending location on Broadway between Broome Street and Spring Street in Manhattan. Plaintiff has been working in the same location for ten years.

11. Plaintiff was approached by several uniformed New York City Police Officers. Officer Castro's partner, Officer Nicholas Graziano issued plaintiff two Environmental Control Board ("ECB") summonses for allegedly not having all items in or under the pushcart, in violation of New York Administrative Code §17-315(c), and for allegedly being within 20 feet of an entranceway, in violation of New York Administrative Code §17-315(d). Officer Graziano instructed plaintiff to move his pushcart. Copies of the ECB summonses are attached hereto as Exhibit A.

12. Officer Graziano and Officer Castro knew or should have known that plaintiff was not in violation of §17-315(c) or §17-315(d).

13. Plaintiff asked officers Graziano and Castro if there was any problem and the officer's replied "don't talk."

14. Plaintiff's nephew took photographs of the encounter between plaintiff and the defendant police officers.

15. Approximately one hour later, defendant Officer Castro and the other uniformed officers seized plaintiff's hot dog cart and all its contents. Plaintiff asked the defendant police officers why his cart was being seized. Defendant Officer Castro and the other uniformed officers instructed plaintiff that if he talked again, he would be put in handcuffs. Officer Castro and the other officers knew or should have known that they had no right to seize plaintiff's vending cart. A copy of the NYPD Property Clerk's Invoice is attached hereto as Exhibit B.

16. Officer Castro issued plaintiff one ECB summons for allegedly vending food when ordered to move due to "exigent circumstances" in violation of New York Administrative Code §17-315(j). A copy of the ECB summons is attached hereto as Exhibit C.

17. Plaintiff and plaintiff's nephew took photographs of the preceding events, which is protected under the First Amendment to the United States Constitution, and the defendant police officers seized plaintiff's cart in retaliation for plaintiff's photography.

18. Officer Castro and the other uniformed officers knew or should have known that taking photographs on a public sidewalk is a protected activity under the First Amendment to the United States Constitution.

19. Officer Castro and the other uniformed officers knew or should have known that plaintiff was not in fact violating any vending law.

20. Upon information and belief, the ECB summons regarding the alleged violation of §17-315(j) was dismissed by an Administrative Law Judge at the ECB the next day. The ECB summonses regarding §17-315(c) and §17-315(d) were dismissed by an Administrative Law Judge at the ECB on June 29, 2009. A copy of the decision and judgment is attached hereto as Exhibit D[1].

21. Plaintiff spent the next four days attempting to recover the cart including inquiring at the New York City Department of Health and New York City Police Department headquarters at One Police Plaza.

22. Plaintiff did recover his pushcart four days later; however, all its contents, including the non-perishable items, had been discarded.

23. Officer Castro and the other officers knew or should have known that they had no right to discard the contents of plaintiff's pushcart.

20. The seizure of plaintiff's pushcart and the discarding of all its contents were performed under color of law, within the scope of defendant Castro and John Doe 1-5's

4

employment and authority, and for whose acts the defendant City is liable under the theory of *respondeat superior*.

21. The seizure and retention of plaintiff's pushcart and the discarding of all its contents violated clearly established rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and were the direct and proximate cause of his damages.

22. The actions of the individual defendants were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

## DAMAGES

23. As a direct and proximate cause of the said acts of defendants, the plaintiff suffered the following injuries and damages:

    a. Violation of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendment of the U.S. Constitution; and

    b. economic damages including loss of property and loss of income.

## CAUSES OF ACTION

### COUNT I – 42 USC § 1983 – UNREASONABLE SEIZURE

24. By their conduct, under color of law, defendants deprived Mr. Faisal of his constitutional right to be free from unreasonable searches and seizures.

### COUNT II – 42 USC § 1983 – PROCEDURAL DUE PROCESS

25. By their conduct, under color of law, defendants deprived Mr. Faisal of his property without due process of law.

### COUNT III – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

---

[1] Two of the three decisions have been attached. The decision for the alleged violation of §17-315(j) could not be provided by the ECB.

26. By their conduct, under color of law, defendants denied Mr. Faisal his right to due process by depriving him of his property for arbitrary or irrational reasons.

## COUNT IV – 42 USC § 1983 – RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

27. By their conduct, under color of state law, defendants unlawfully deprived Mr. Faisal of his property in retaliation for Mr. Faisal's lawful exercise of his rights under the First Amendment to the United States Constitution.

## COUNT V – 42 USC § 1983 – MONELL CLAIM

28. New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors with respect to the seizure of their vending pushcarts and property, which caused the violation of plaintiff's rights.

29. It was the policy and custom of the City to train, supervise and discipline officers, including the defendant officers, inadequately with respect to the rights of licensed street vendors with respect to the seizure of their vending pushcarts and property, thereby causing the defendants in this case to engage in the unlawful conduct described above.

30. As a direct and proximate cause of the City's deliberate indifference, defendants violated Mr. Faisal's constitutional rights for which he suffered damages.

WHEREFORE, plaintiff requests the following relief jointly and severally as against all the defendants:

1. Award compensatory damages in an amount to be determined at trial;
2. Award punitive damages in an amount to be determined at trial;
3. Disbursements, costs, and attorneys' fees; and
4. For such other and further relief as this Court may seem deem just and proper.

Dated:     New York, New York
             December 16, 2009

                                       Respectfully submitted,

                                       SEAN BASINSKI / SB3597
                                       Urban Justice Center
                                       *Attorneys for Plaintiff*
                                       123 William Street, 16th Floor
                                       New York, NY 10038
                                       (646) 602-5679 phone
                                       (212) 533-4598 fax

Appeared on 6/24/09 for ECB hearing. Decision will be mailed.

NOTICE OF VIOLATION AND HEARING FOR CIVIL PENALTIES ONLY

City of New York, Petitioner vs Respondent:

| LAST NAME (Print) | FIRST NAME | INITIAL | Sex |
|---|---|---|---|
| FAISAL | SHEIKH | M | M |

STREET ADDRESS: 3556 ROCHAMBEAU AVE
CITY: BRONX   STATE: NY   ZIP: 10467

0 0 3 4 7 3 5

TYPE OF LICENSE / PERMIT OR IDENTIFICATION NUMBER
1. ☐ Consumer Affairs License   4. ☐ Vehicle Plate   7. ☐ Cert. of Auth.
☒ Health Dept. License   5. ☐ Meter Number   8. ☐ Build Reg. No.
☒ Motorist Identification   6. ☐ Soc. Sec. No.   9. ☐ Telephone No.
                            10. ☐ Other

ISSUED BY: NYC

NOTICE ALSO SENT TO: —

The Respondent is charged with violation of Law/Rule.

Date of Offense: 6/23/09   Time: 1740 PM   Borough: Bx   CB NO: 005   Violation Code: F 1 16

NYC ADMINISTRATIVE CODE/RULES OF THE CITY OF NEW YORK
1. ☐ "Air Code" Provisions   5. ☐ Sanitation Provisions   9. ☐ Park Rules   11. ☐ NYS Public Health Law
2. ☐ "Noise Code" Provisions   6. ☐ General Vendor Provisions   10. ☐ Other   12. ☐ NYC Health Code Provisions
3. ☐ "Water Code" Provisions   7. ☒ Food Vendor Provisions   13. ☐ NYS VTL
4. ☐ "Sewer Code" Provisions   8. ☐ Transportation Provisions   14. ☐ Other

SECTION/RULE: 17-315(c) FAIL TO HAVE ALL ITEMS INCL UNDER

At: ☐ Front of: ☒ Opposite: ☐   Place of Occurrence: 492 BROADWAY

DETAILS OF VIOLATION: AT T/P/O PO OBSERVED RESP SELLING HOT DOGS + SODA FROM CART # 50425 WHILE HAVING A WATER JUG AND CHAIR ON THE SIDEWALK ALSO HAVING WATER BOTTLES ON TOP OF CART

Property Removed: ☐ Yes  ☒ No
ALTERNATIVE SERVICE: 1. ☐ 1-2 Family  2. ☐ Multiple Dwelling  3. ☐ Commercial

Mail-In Penalty Schedule: $25  $50  $100  $250  $ Other
☒ NO MAIL-IN PENALTY. YOU MUST APPEAR
See Date and Time Below:

Maximum Penalty For Violation: $ ____ or see reverse side

Date of Hearing: 23 Day of JULY 20 09
Time: 8:30 AM  10:30 AM  ☒ 1:00 PM  2:30 PM

Proceedings to be held under the authority of Section 1049-a of the NYC Charter and the rules promulgated thereunder.

WARNING: If you do not appear (or pay by mail if permitted) you will be held in default and subject to the maximum penalties permitted by law. Failure to appear or pay a penalty imposed may lead to suspension of your license or other action affecting licenses you now have or may apply for, as well as the possibility of a judgment entered against you in Civil Court. FURTHER INSTRUCTIONS ON REVERSE SIDE.

I, an employee of the below agency, personally observed the commission of the civil violation charged above. False statements made herein are punishable as a class A Misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of perjury.

RANK (TITLE): PO   SIGNATURE OF COMPLAINANT
REPORT LEVEL: 0 1 3 6

COMPLAINANT'S NAME: GRAZIANO   TAX REGISTRY NUMBER: 941021 1   AGENCY: NYPD

Nicholas

No. E 169 346 843


169 346 843

Appeared on 6/24/09 for ECB hearing. Decision will be mailed.

---

**ENVIRONMENTAL CONTROL BOARD — NOTICE OF VIOLATION AND HEARING — FOR CIVIL PENALTIES ONLY**

City of New York, Petitioner vs Respondent:

| | | |
|---|---|---|
| LAST NAME (Print) FAISAL | FIRST NAME SHEIKH | INITIAL M / Sex M |
| STREET ADDRESS 3556 ROCHAMBEAU AVE 6R | | |
| CITY BRONX | STATE NY | ZIP 10467 |

0 0 3 4 7 3 5

TYPE OF LICENSE / PERMIT OR IDENTIFICATION NUMBER
- 1 ☐ Consumer Affairs License
- 2 ☒ Health Dept. License
- 3 ☐ Motorist Identification
- 4 ☐ Vehicle Plate
- 5 ☐ Meter Number
- 6 ☐ Soc. Sec. No.
- 7 ☐ Cert. of Auth.
- 8 ☐ Build Reg. No.
- 9 ☐ Telephone No.
- 10 ☐ Other

ISSUED BY: NYC

NOTICE ALSO SENT TO: (blank)

The Respondent is charged with violation of Law/Rule.

Date of Offense: 6/23/09  Time: 1740 PM  Borough: Bx  CB NO: 005  Violation Code: F 1 7

NYC ADMINISTRATIVE CODE/RULES OF THE CITY OF NEW YORK
- 1 ☐ "Air Code" Provisions
- 2 ☐ "Noise Code" Provisions
- 3 ☐ "Water Code" Provisions
- 4 ☐ "Sewer Code" Provisions
- 5 ☐ Sanitation Provisions
- 6 ☐ General Vendor Provisions
- 7 ☒ Food Vendor Provisions
- 8 ☐ Transportation Provisions
- 9 ☐ Park Rules
- 10 ☐ Other
- 11 ☐ NYS Public Health Law
- 12 ☐ NYC Health Code Provisions
- 13 ☐ NYS VTL
- 14 ☐ Other

SECTION/RULE: 17-315(d) WITHIN 20 FEET OF AN ENTRANCE

At: ☒ Front of  ☐ Opposite  Place of Occurrence: 492 BROADWAY

DETAILS OF VIOLATION: AT T/P/O PO OBSERVED RESP SELLING HOT DOGS AND SODA FROM CART # 50425 WHILE TWELVE (12) FEET FROM AN ENTRANCE. RESP. WAS TOLD BY PO TO MOVE CART FROM ENTRANCE WAY.

Property Removed: ☐ Yes  ☒ No
Alternative Service: 1 ☐ 1-2 Family  2 ☐ Multiple Dwelling  3 ☐ Commercial

Mail-In Penalty Schedule: $25 $50 $100 $250  ☒ NO MAIL-IN PENALTY. YOU MUST APPEAR. See Date and Time Below.

Maximum Penalty For Violation: $_____ or see reverse side

Date of Hearing: 23 Day of JULY 09   Time: ☒ 10:30 AM  (8:30 AM / 1:00 PM / 2:30 PM)

Proceedings to be held under the authority of Section 1049-a of the NYC Charter and the rules promulgated thereunder.

WARNING: If you do not appear (or pay by mail if permitted) you will be held in default and subject to the maximum penalties permitted by law. Failure to appear or pay a penalty imposed may lead to suspension of your license or other action affecting licenses you now have or may apply for as well as the possibility of a judgment entered against you in Civil Court. FURTHER INSTRUCTIONS ON REVERSE SIDE.

I, an employee of the below agency, personally observed the commission of the civil violation charged above. False statements made herein are punishable as a class A Misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of perjury.

RANK (TITLE) SIGNATURE OF COMPLAINANT: PO [signature]
COMPLAINANT'S NAME (Printed): GRAZIANO
TAX REGISTRY NUMBER: 940211
AGENCY: NYPD
REPORT LEVEL: 0 1 36

No. E 169 346 852

169 346 852

# PROPERTY CLERK'S INVOICE

PD 521-141 (Rev. 5/01)-Pent

*Check only one of the below categories.*

**P 351745**

- [ ] ARREST EVIDENCE
- [ ] DECEDENT'S PROPERTY
- [ ] FOUND PROPERTY
- [ ] INVESTIGATORY
- [x] PEDDLER PROPERTY
- [ ] OTHER _____

DATE PREPARED: 6/23/  YR 09  PCT. FMS/PTF

| Arresting/Assigned Officer | Rank | Shield No. | Tax Reg. No. | Command |
|---|---|---|---|---|
| CASTRO, Y | PO | 4705 | 937984 | FMS/PTF |

| Prisoner's Last Name | First | Age | Address | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|---|
| N/A | | | | N/A | |

| Date of Arrest | Arrest No. | Charge/Offense | Fel. | Misd. | J.D. | Viol. | Complaint No. |
|---|---|---|---|---|---|---|---|
| 6/23/09 | E16934201 | P-22 | | | | x | |

Finder of Property: A/O

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | DISPOSITION | AND DATE |
|---|---|---|---|---|---|
| 1 | 1 | METAL FOOD CART DECAL # 50625 | | | |
| 2 | 16 | S/B PERISHABLES SEAL # 095410, 444, 465, 456, 401, 402, 426, 424, 406, 467, 403, 435, 412, 495, 475 TO D.O.S. | | | |

ABOVE IS A COMPLETE LIST OF ALL PROPERTY VOUCHERED

*Farondo*
*O.K. TO RETURN*
*NO FEE RECEIPT*

REMARKS: ABOVE WAS VOUCHERED AS FOUND PROPERTY

R.T.O.

**P 351745**

DISTRIBUTION: WHITE - Prop. Clk. File   SECOND WHITE - Inventory Unit Copy   YELLOW - Prop. Clk. Work Copy
PINK - Prisoner/Finder Receipt Copy

**ENVIRONMENTAL CONTROL BOARD - NOTICE OF VIOLATION AND HEARING FOR CIVIL PENALTIES ONLY**
City of New York, Petitioner vs Respondent:

Handwritten notes (left margin):
Call Archana

Appeared at ECB on 6/24/09. Violation was dismissed.
(Decision expedited because property was confiscated)

---

LAST NAME (Print): FAISAL
FIRST NAME: SHEIKH
INITIAL: M   Sex: M
STREET ADDRESS: 3556 Rochambeau Ave 6K
CITY: Bronx   STATE: NY   ZIP: 10467

003473S

TYPE OF LICENSE / PERMIT OR IDENTIFICATION NUMBER
1. ☐ Consumer Affairs License
2. ☒ Health Dept. License
3. ☐ Motorist Identification
4. ☐ Vehicle Plate
5. ☐ Meter Number
6. ☐ Soc. Sec. No.
7. ☐ Cert. of Auth.
8. ☐ Build Reg. No.
9. ☐ Telephone No.
10. ☐ Other
ISSUED BY: D.O.H

The Respondent is charged with violation of Law/Rule

Date of Offense: 6/23/09  Time: 1430 PM  Borough: Bx  CB NO: 005  Violation Code: F 2 1 2

NYC ADMINISTRATIVE CODE/RULES OF THE CITY OF NEW YORK / OTHER CODES
7. ☒ Food Vendor Provisions

SECTION/RULE: 17-315(g) Notice to Move, Exigent circumstances
At: ☐ Front of ☒ Opposite ☐ Place of Occurrence: 492 Broadway

DETAILS OF VIOLATION: AT T/P/O RESP WAS OBSERVED OFFER FOOD FOR SALE FROM CART # 50425 AFTER BEING TOLD TO MOVE FROM 1240 E 169 346 852. FROM INFRONT OF AREA. RESP FAILED TO COMPLY WITH ORDERS.

Property Removed: ☒ Yes ☐ No
ALTERNATIVE SERVICE: ☐ 1-2 Family ☐ Multiple Dwelling ☐ Commercial

Mail-In Penalty Schedule: $25 $50 $100 $250
☐ NO MAIL-IN PENALTY. YOU MUST APPEAR
See Date and Time Below:

Date of Hearing: 14 Day of July 20 09  ☒ 10:30 AM

RANK (TITLE) SIGNATURE OF COMPLAINANT: P.O.
REPORT LEVEL: 0 1 36
COMPLAINANT'S NAME (Printed): CASTRO
TAX REGISTRY NUMBER: 939984
AGENCY: NYPD

No. E 169 342 021

169 342 021

Leoman Castro



Location: 66 John Street, 10th Floor, New York, NY 10038 (212)361-1400

Method of Appearance: AT HEARING
Mailout H/T

Place of Occurrence: 492 BROADWAY
Borough: MANHATTAN
Disposition: DISMISSED
Hearing Date: 6/24/2009

Violation Number: 0169346852
City of New York vs FAISAL,SKEIKH
Issuing Officer: GRAZIANO
Agency: POLICE DEPARTMENT

79

TO: URBAN JUSTICE CENTER
ARCHANA DITTAKAVI
123 WILLIAM ST. APT#: 16TH FLR.
NEW YORK, NY 10038

A Notice of Violation was duly served, charging that on: 6/23/2009, at 12:40 PM, the Respondent violated the below infraction(s).

The Respondent appeared and entered the plea(s) indicated below, and a hearing was held before me on the above-cited date.

On the Record before me, I find: DISMISSAL: For the reasons stated below, the Notice of Violation is dismissed.

| Infra. Code | Section/Description | | Plea | Disposition | Reason | Penalty |
|---|---|---|---|---|---|---|
| AF17 | 17-315(D) | AGAINST DISPLAY WINDOW OR 20 FT. OF ENTRANCE | Deny | Dismissed | 1 | $0.00 |

FURTHER FINDINGS OF FACT/CONCLUSIONS OF LAW:

RESPONDENT APPEARED AND WAS ACCOMPANIED BY ARCHANA DITTAKAVI OF THE URBAN JUSTICE CENTER. MR SHEIKH SPEAKS BENGALI AND LIMITED ENGLISH. MS. DITTAKAVI STATED SHE WOULD HELP RESPONDENT TO UNDERSTAND THE QUESTIONS AND PRESENT HIS ANSWERS. BOTH WERE SWORN IN.

REGARDING NOV #169346852 RESPONDENT TESTIFIED THAT HE WAS MORE THAN 20 FEET FROM THE ENTRANCE TO 492 BROADWAY AT THE TIME THE NOV WAS ISSUED. HE STATED THAT HE HAS SOLD FOOD AND DRINKS AS A LICENSED VENDOR FROM THIS SAME LOCATION FOR SOME 12 YEARS. HE SUBMITTED IN EVIDENCE PHOTOS MARKED EXHIBITS A,BC&D WHICH HE SAYS WERE TAKEN SOME 2 WEEKS EARLIER THAT DEPICT THE LOCATION OF THE CART FOR THE PAST 12 YEARS AND ON THE DAY AND TIME THE NOV WAS ISSUED. THE PHOTOS APPEAR TO ESTABLISH THE RESPONDENT WAS MORE THAN 20 FEET FROM THE ENTRANCE OF 492 BROADWAY. RESPONDENT FURTHER TESTIFIED THAT THE POLICE DID NOT MEASURE THE DISTANCE AT THEM TIME THE NOV WAS ISSUED.

I FIND THE TESTIMONY OF RESPONDENT TAKEN WITH THE 4 PHOTOS IN EVIDENCE TO ESTABLISH THAT RESPONDENT WAS MORE THAN 20 FEET FROM THE ENTRANCE TO 492 BROADWAY AT THE TIME THE NOV WAS IS ISSUED

ACCORDINGLY, THE NOV IS DISMISSED.

CIVIL PENALTY: I order the Respondent to pay a total of: $0.00
In addition, I order the Respondent to perform the Compliance Order(s), if any, listed above.

Signature of Administrative Law Judge    6/29/09    Date

ALJ #: 957    ALJ Name: ROBERT A. STRANIERE

MAIL DATE
JUL 22 2009

Date Mailed: _____

PAYMENTS DUE WITHIN 10 DAYS
READ BACK OF THIS ORDER-PROTECT YOUR RIGHTS

6/29/2009 1:32:51 PM

ECB F-V (08/09/08)(V3)